Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 989 | **DATE** | 6/21/2012 |
| **CASE TITLE** | Young vs. City of Chicago *et al.* | | |

**DOCKET ENTRY TEXT**

Defendant City of Chicago's motion to dismiss the "counterclaim" of defendant Annunziom [82] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is a motion to dismiss defendant Joseph Annunzio's counterclaim against defendant City of Chicago. (As the City points out, since it is also a defendant, the claim is really a cross-claim rather than a counterclaim.) In the "counterclaim," Annunzio, who is now represented by appointed counsel, seeks an order requiring the City to pay his past and future attorney fees based on § 2-152-170 of the Chicago Municipal Code. This section provides:

> If any claim or action, either civil or criminal in nature, is instituted against a current or former elected official, current or former appointed official or current or former employee of the City of Chicago or any agency of the City of Chicago where such claim arises out of any act or omission, made in good faith, occurring within the scope of such person's office or employment, the chairman of the committee on finance of the city council, with the approval and concurrence of the mayor, may at the request of such person appoint counsel to defend such person against any such claim or action.

Annunzio complains that the City, relying on the above section, agreed to pay the legal fees for all the other co-defendants who, according to Annunzio, allegedly engaged in the same type of behavior that he allegedly engaged in but that the City refused to pay his legal fees. Annunzio believes that the City's decision is based on the fact that all these other employees are City Commissioners whereas Annunzio is not. Annunzio asserts a single claim under § 1983 for violation of the Equal Protection clause of the U.S. Constitution.

In its opening brief, the City argues that the Equal Protection claim fails if the City's decision can be upheld under any conceivable rationale ground. The City next states that the Municipal Code section quoted above is discretionary, as evidenced by the provision that the City "may" appoint counsel if it believes the employee was acting in good faith. Exercising this discretion, the City concluded that it did not want to spend the money to pay Annunzio's legal fees. The City has offered two primary rationales for why it

believes Annunzio's situation is different from the other individual defendants. First, Annunzio was the only individual defendant fired for his role in the alleged events set forth in the complaint. This firing was upheld by the Illinois Appellate Court in a 20-page decision. *See City of Chicago v. Annunzio*, (No. 08 CH 1139) (Ill. App. Ct., Jan. 14, 2011) (Docket # 91-2). Second, Annunzio is the only defendant who is alleged to have made racist remarks in the workplace and who allegedly was verbally abusive and discourteous to co-workers. (Defs. Mem. at 2.)

In considering these arguments, we begin with the legal standard. First, because this motion is brought pursuant to Rule 12(b)(6), Annunzio must in his counterclaim allege "sufficient factual matter" to show that his claim is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Second, the parties agree that Annunzio's claim should be evaluated under the lenient "rational basis" standard. *See* Defs. Mem. at 3; Pl. Resp. at 5-6. This standard of review applies when the claim does not rest on a fundamental right or on an inherently suspect class such as race. *Smith v. City of Chicago*, 457 F.3d 643, 650 (7th Cir. 2006). Under the rational basis standard, the government's classification "must be upheld against [an] equal protection challenge if there is *any* reasonably conceivable state of facts that could supply a rational basis for the classification." *Id.* at 651 (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). This standard is a lenient one for the City; for Annunzio, it is difficult as he has the ultimate burden of eliminating *any* "reasonably conceivable" state of facts that could support a rational explanation for the classification at issue. *Smith.* 457 F.3d at 652. In addition, it should be noted that the Supreme Court has generally cast doubt on Equal Protection claims brought by parties in their role as public employees because the "government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large." *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 599 (2008). (The City has not argued that *Engquist* completely forecloses the Equal Protection claim.)

Applying this standard here, we find that Annunzio has failed to offer facts that would plausibly cast doubt on *both* of the two rationales. Specifically, in his response brief, he does not deny that he was (a) the only employee fired for his misconduct and (b) the only one who allegedly made racist remarks and treated co-workers discourteously. Instead, Annunzio includes a long discussion of the factual background and context, all of which are designed to suggest that the plaintiff's allegations are unproven at this point and to make clear that Annunzio will try to tell a different story at trial from the one told in the complaint. It is certainly possible that Annunzio's view of the facts may, after discovery and a trial, prove to be persuasive. However, these arguments do not undermine the twin rationale for the City's decision made before trial. For one thing, the facts now relied upon by Annunzio are taken mostly from the fact section of the Illinois Appellate Court's decision. Many of these facts are simply summaries of what Annunzio's character witnesses testified to at the Board hearing. *See* Docket # 91-2 at pp. 9-10. Therefore, the Illinois Appellate Court was aware of these facts when it ruled to uphold the decision to fire Annunzio. Moreover, in the course of its ruling, the Appellate Court stated that "the record is full of evidence that [Annunzio] repeatedly made racist, derogatory, and disparaging remarks about both co-workers and employees." *Id.* at 17. As the City explains in its briefs, it rationally could believe that Annunzio's alleged conduct was "markedly different in kind, severity and degree from the allegations made against the other individual defendants." (Defs. Reply at 5.) Similarly, in our earlier ruling denying defendants' motions to dismiss, we summarized the original complaint this way:

> This is a race discrimination case brought by plaintiff Patty Young individually and on behalf of a class of at least 24 other similarly situated employees at the City of Chicago's Department of Transportation ("CDOT") office located at 2350 W. Ogden in Chicago. The defendants are the City of Chicago and seven individuals working at the Ogden office. The complaint focuses mostly on one individual, Joseph Annunzio, who was the Field Director at the Ogden office and who plaintiff alleges was the key perpetrator of the alleged discrimination.

| STATEMENT |
|---|
| (Docket # 43)  It was thus this Court's conclusion after an initial and straightforward reading of the original complaint that plaintiff's allegations focus "mostly on one individual, Joseph Annunzio" and that he allegedly was the "key perpetrator." (This complaint was subsequently amended twice but the current second amended complaint does not appear, insofar as we can tell, to have any major salient differences from the factual allegations in the original complaint.  *Cf.* Cmplt. ¶ 21 to 2AC ¶ 23.)  The complaint thus does not, in this Court's view, treat Annunzio similarly to other employees.  In sum, we find that Annunzio has not come forward with a plausible story, as required by the current *Iqbal/Bell Atlantic* standard, to suggest that the City's stated twin rationales were false or lacked a rationale basis. For all the above reasons, the motion to dismiss the counterclaim is granted. |
| |
| |